UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL GOINS, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>RICHARD L. TURNER, DOCTOR )<br>MOORE, ANN HALLMAN, DOCTOR )<br>CHOCKALINGHAM, BENJAMIN )<br>LEWIS, AMY ENLOE, KAY )<br>HUMPHRIES, DR. JOHN TOMARCHIO, )<br>CANDICE LEWIS, NURSE LEWIS, )<br>SUZANNE McCLENDON, CHERYL )<br>JOHNSON, CHERYL HINDENBURG, )<br>NATALIE WITHAM, OFC. LITTLE, )<br>OFC. RICE, LT. ROBERT BLACKBURN, )<br>SGT. FISH, OFC. GIBSON, CAPT. )<br>ROBERTSON, OFC. DILLARD, OFC. )<br>LOVING, LT. MADDEN, LT. HORNE, )<br>SGT. EICH, LT. CASHWELL, CAPT. )<br>HAROUFF, SGT. WILSON, SGT. )<br>RAGLAND, OFC. BOATWRIGHT, LT. )<br>PALMER, OFC. MORGAN, OFC. )<br>WHEATLEY, SGT. THURBER, OFC. )<br>GARDNER, OFC. BYRD, OFC. MERCK, )<br>WARDEN LARRY CARTLEDGE, CAPT. )<br>RHONDA ABSTON, MATTHEW )<br>HOPPER, WARDEN ASST. PATRICIA )<br>BUCHANAN, individually and in their )<br>official capacities, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 4:15-cv-1515-RMG-TER<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Plaintiff, a prisoner incarcerated within the South Carolina Department of Corrections (SCDC) and currently housed at Perry Correctional Institution (PCI), is proceeding pro se and brings this action pursuant to 42 U.S.C. § 1983, alleging numerous constitutional violations as a result of discrimination and retaliation for filing grievances against Defendants. Presently before the court

is Defendant Chockalingham's Motion to Dismiss, or in the alternative, for Summary Judgment (Document # 90) and the remaining Defendants' Motion for Summary Judgment (Document # 94). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions for summary judgment could result in the motions being granted, resulting in dismissal of his claims.[1] Plaintiff has not filed a response to either motion. On May 6, 2015, the undersigned entered an order giving Plaintiff an additional ten days to respond to the motions and warned Plaintiff that if he failed to respond, "this action will be recommended for dismissal with prejudice for failure to prosecute." Order (Document # 100). Plaintiff still failed to respond. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II.    RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that

---

[1] A separate Roseboro order was entered for each motion.

dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed to Defendants' motions, despite at least two warnings that a failure to respond could result in dismissal of his claims. Plaintiff has not requested an extension of time to respond to the motions for summary judgment or otherwise addressed the court with respect to these motions. Because Plaintiff has failed to file a response to the motions for summary judgment, the undersigned concludes Plaintiff has abandoned his claims. No other reasonable sanctions short of dismissal are available. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

In the alternative, the undersigned will address the arguments raised in Defendants' motions for summary judgment.

### III. MOTIONS FOR SUMMARY JUDGMENT

#### A. Plaintiff's allegations

Plaintiff makes numerous allegations against the 44 Defendants named in this case. He first alleges that he has been discriminated against with respect to the treatment of his serious medical conditions, including arthritis and nerve damage in his right shoulder, various stomach illnesses, an unidentified skin illness, flat-footed abnormalities in his feet, and thyroiditis. He alleges that other inmates with these same illnesses have received more significant care and treatment.

Plaintiff's remaining allegations appear to arise from Defendants' alleged discrimination and retaliation against Plaintiff for filing administrative complaints and civil complaints against them. Plaintiff alleges that he has been placed in control cell, denied a shower for weeks, denied out-of-cell recreation for months, subjected to excessive force[2], subjected to illegal searches of his cell and his legal papers torn, ripped, stolen or misplaced, subjected to degrading and improper strip searches, sexual assault and sexual harassment, forced to receive a "bald head haircut and a no mustache, no beard shave," placed on a nutriloaf diet, skipped over for cell cleaning, skipped over for medication, denied access to the law computer, law books, legal material and legal copies, subjected to numerous disciplinary infractions, denied a blanket and mattress, and forced to take unknown pills–all in "retaliation, harassment, and discrimination for grieving and complaining of the Defendants' acts of misconduct." Complaint pp. 6-12.

Plaintiff alleges that Defendants have violated his First Amendment rights by retaliating against him for filing grievances against them, his Fourth Amendment right to be free from improper search and seizure by searching his cell, his Eighth Amendment right to be free from cruel and

---

[2]He alleges excessive force with respect to the use of chemical munitions against him and being handcuffed and shackled too tight.

unusual punishment by their deliberate indifference to his serious medical needs and use of excessive force, and his Fourteenth Amendment rights to due process and equal protection.

### B.     Exhaustion of Administrative Remedies

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C.1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.2001) (exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3 d 718 (7th Cir.2001) (exhaustion required even though Plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

In the complaint, Plaintiff indicates that he has filed a grievance concerning the claims raised in this matter, and that he has received a final decision concerning the grievance. However, when asked to identify the date he filed the grievance and the grievance number, Plaintiff wrote "N/A." Defendants argue that Plaintiff makes such vague allegations in his complaint, failing to point to specific dates or actions by Defendants, that they are unable to determine whether he has properly exhausted his administrative remedies. Defendants ask that the case be dismissed for failure to exhaust unless Plaintiff sets forth adequate information to show that he has exhausted. Failure to exhaust is an affirmative defense that can be pleaded by the defendants. Jones, 549 U.S. at 216. Therefore, Defendants have the burden of proof to demonstrate an inmate's failure to exhaust administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir.2005) ("An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant."). Although Plaintiff has failed to come forward with any evidence showing that he has exhausted his administrative remedies with respect to any of the claims raised here, the undersigned is constrained to recommend denying summary judgment based on a failure to exhaust argument because Defendants, who bear the burden here, have failed to present evidence that Plaintiff has not exhausted his administrative remedies.

C.     42 U.S.C. § 1983

Plaintiff raises numerous claims under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119

S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, Plaintiff fails to establish that any of his constitutional rights were violated.

### 1.     Equal Protection

Plaintiff alleges that Defendants violated his equal protection rights by treating inmates with similar illnesses with more significant treatment. It has long been settled that "[p]risoners are protected under the Equal Protection Clause ... from invidious discrimination." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In order to establish an equal protection claim, an inmate must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001). The plaintiff must show that he/she "was victimized because of some suspect classification, which is an essential element of an equal protection claim." Newell v. Brown, 981 F.2d 880, 887 (6th Cir.1992). Plaintiff's allegations with respect to this claim, as with all his other claims, are decidedly vague. An equal protection claim which is not supported by factual allegations should be dismissed as being only conclusory. See Blackburn v. Fisk University, 443 F.2d 121 (6th Cir.1971). The Plaintiff has offered nothing outside of the conclusory statements that his equal protection rights have been violated. Therefore, Plaintiff fails to show a violation of his equal protection rights, and accordingly, Defendants should be granted summary judgment on this claim.

### 2. Medical Indifference

To state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, "[a] plaintiff must satisfy two elements ...: he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." Sires v. Berman, 834 F.2d 9, 12 (1st Cir.1987). In the case of Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." Id. (quoting Gregg v. Georgia, 428 U.S. 153, 169–73, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.... We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Id. at 103–105 (footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> ... a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Id. at 107. There, the court noted that treatment "must be so grossly incompetent, inadequate or

excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), ... nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Miltier v. Beorn, 896 F.2d 848, 841 (4th Cir.1990). Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986). Again, Plaintiff fails to present sufficient evidence to show that Defendants were purposely indifferent to any serious medical needs. Therefore, summary judgment is appropriate on this claim.

### 3.     First Amendment

Plaintiff alleges that Defendants took numerous actions against him in retaliation for filing grievances and/or civil complaints against them. To establish a claim for retaliation under § 1983, a plaintiff must present facts sufficient to show "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994).[3] Plaintiff must also show that he "suffered some adversity in response to [his] exercise of [constitutionally] protected rights." American Civil Liberties Union

---

[3]Although the Fourth Circuit has not issued a published opinion on the question of whether the filing of a grievance by a prisoner implicates the First Amendment, several circuits have held that prison officials may not retaliate against a prisoner for filing grievances. See Hill v. Lapin, 630 F.3d 468, 472 (6th Cir.2010) (noting that a prisoner has an "undisputed First Amendment right to file grievances against prison officials on his own behalf"); Haynes v. Stephenson, 588 F.3d 1152, 1155–56 (8th Cir.2009) ("The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity."); Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir.2006) ("First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment."); see also Gullett v. Wilt, 869 F.2d 593, 1989 WL 14614 at *2 (4th Cir.1989) (unpublished table decision) (noting that First Amendment rights "are implicated by [the plaintiff's] claim that he is being transferred because prison officials are retaliating for [his] numerous institutional grievances").

of Md., Inc. v. Wicomico Cty., Md., 999 F.2d 780, 785 (4th Cir.1993). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir.2005).   Finally, Plaintiff must also show a causal relationship exists between his speech and the defendant's alleged retaliatory action. Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685–86 (4th Cir.2000).  Because of the vague nature of Plaintiff's allegations and his failure to respond to the motions for summary judgment, Plaintiff fails to present sufficient evidence to establish a causal connection between the grievances and/or complaints the he filed and the actions taken by Defendants.

### 4.    Excessive Force

Plaintiff alleges that Defendants violated his right to be free from cruel and unusual punishment by using excessive force.  The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The predominate focus in a claim for excessive force is not on the extent of the injury but rather the nature of and justification for the inflicted force. Wilkins v. Gaddy, 559 U.S. 34, 39, 130 S.Ct. 1175, 1179, 175 L.Ed.2d 995 (2010). The Eighth Amendment analysis requires inquiry as to whether a prison official "acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams, 77 F3d at 761.

In an excessive force claim, a claimant must meet a heavy burden to satisfy the subjective component. Whitley v. Albers, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The claimant must show that a correctional officer applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain or restore discipline. Id.

(internal quotation marks omitted). In Whitley, the Supreme Court identified four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"[4]; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Id. at 321. In addition to these factors, the Fourth Circuit also considers any efforts made to temper the severity of a forceful response. Williams, 77 F.3d at 762. Plaintiff has failed to present evidence to create a genuine dispute of fact as to any of these issues. Thus, summary judgment is appropriate.

### 5.     Search and Seizure

Plaintiff also alleges that Defendants violated his right to be free from unreasonable searches and seizures when they searched his cell. The Fourth Amendment provides protection against unreasonable searches and seizures where persons have a reasonable expectation of privacy in the places searched or items seized. Katz v. United States, 389 U.S. 347, 360–61, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). It is well-settled that inmates have more limited Fourth Amendment rights. United States v. Kelton, 791 F.2d 101, 103 (8th Cir.1986) ("[A]lthough prisoners retain some fourth amendment rights while in prison, these rights are limited by institutional security needs and the

---

[4] While the Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim," this does not mean the extent or absence of serious injury is irrelevant. Wilkins, 559 U.S. at 37. Instead, the extent of injury suffered is just one factor to account for in the analysis, "but does not end it." See Hudson, 503 U.S. at 7 (holding "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it."). The extent of injury may also provide some indication of the amount of force applied. Wilkins, 559 U.S. at 37. A de minimis use of physical force does not violate the Eighth Amendment, "provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. Thus, an inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id.

prisoner's reduced expectation of privacy."). An inmate does not have a legitimate expectation of privacy in his prison cell, and "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The inapplicability of the Fourth Amendment to searches of prison cells applies "with controlling force" to seizures and destruction of personal property as well. Hudson, 468 U.S. at 528 n. 8 . Moreover, the Supreme Court has long cautioned that "[c]ourts are ill equipped to deal with the increasingly urgent problems of prison administration [,]" Procunier v. Martinez, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), and, thus, the court "must accord deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discipline, and general administration." Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir.2006). In other words, the court must "respect the determinations of prison officials." United States v. Stotts, 925 F.2d 83, 86 (4th Cir.1991). For these reasons, summary judgment is appropriate on Plaintiff's claims of unreasonable search and seizure.

### 6. Due Process

Plaintiff asserts, again, vague allegations that Defendants denied him due process in "several different disciplinary hearings" and denied him access to courts. The Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the accumulation of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Therefore, in prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. Id. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written

decision. Wolff, 418 U.S. at 564–571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Plaintiff fails to present evidence sufficient to show that any of his liberty interests were at stake or in what manner his due process rights were violated with respect to his disciplinary hearings. Therefore, summary judgment is appropriate.

Additionally, it is well established that to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. See Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725 728 (4th Cir.2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). Plaintiff must make specific allegations as to the actual injury sustained. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff fails to present evidence sufficient to show any injury as a result of the alleged denial of meaningful access to courts. As such, summary judgment is appropriate.

In sum, in light of Plaintiff's vague allegations and his failure to respond to the motions for summary judgment, he has failed to create a genuine dispute of material fact as to any of the claims he raised in his complaint. Accordingly, summary judgment is appropriate.

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute this action. In the alternative, it is recommended that Defendant Chockalingham's Motion to Dismiss, or in the alternative, for Summary Judgment (Document # 90) and the remaining Defendants' Motion for Summary Judgment (Document # 94) be granted and this case dismissed in its entirety.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 26, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**