IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Goins, ) | Civil Action No. 4:15-1515-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Richard L. Turner, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts the Report and Recommendation in part and dismisses this action.[1]

I.  **Background**

Plaintiff, a prisoner incarcerated at the South Carolina Department of Corrections' Perry Correctional Institution (PCI), proceeds *pro se* and brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges numerous constitutional violations arising from discrimination and retaliation for filing grievances against forty-four (44) named Defendants. One Defendant, Siva Chockalingham, has moved to dismiss for failure to state a claim (Dkt. No. 90) and the remaining Defendants have moved for summary judgment (Dkt. No. 94). Plaintiff failed to respond to those motions, despite repeated warnings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond could result in the motions being granted.

---

[1] Because the Court adopts the Magistrate Judge's recommendation, the Court does not reach the Magistrate Judge's alternative recommendation that Defendants' motion to dismiss and motion for summary judgment be granted.

-1-

On May 26, 2016, the Magistrate Judge entered a Report and Recommendation recommending dismissal for failure to prosecute, or, in the alternative, granting Defendant's dispositive motions. (Dkt. No. 106). Plaintiff filed no objections to the Report and Recommendation.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III.   Discussion

The Court agrees with the Magistrate Judge's recommendation that this action be dismissed with prejudice pursuant to Rule 41(b) of Federal Rules of Civil Procedure. Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit provides a four-prong test for Rule 41(b) dismissal that requires courts to consider: (1) the degree of personal responsibility of the Plaintiff; (2) the amount of

prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). The Magistrate Judge applied this test in the Report and Recommendation and Court agrees with the Magistrate Judge's analysis: Plaintiff's personal responsibility is manifest, Plaintiff has prejudiced the Defendant's ability to defend this action, and the only available sanction less drastic than dismissal is a monetary penalty. (See R. & R. 3.)

The docket clearly shows a "drawn-out history of deliberately proceeding in a dilatory fashion." Plaintiff failed to respond to the Court's second proper form order (Dkt. No. 49), to the Court's third proper form order (Dkt. No. 70), to the Court's *Roseboro* order regarding Defendant Chockalingam's motion to dismiss (Dkt. No. 92), to the Court's *Roseboro* order regarding the other Defendants' motion for summary judgment (Dkt. No. 95), or to the Court's subsequent order dated May 26, 2016 again directing Plaintiff to respond to those motions (Dkt. No. 100). Plaintiff has filed no objections to the Magistrate Judge's recommendation that this action be dismissed for failure to prosecute (Dkt. No. 106). Since filing his complaint on April 7, 2015, Plaintiff's only filings have been (1) an additional document in support of Plaintiff's *in forma pauperis* application, received June 8, 2015 (Dkt. No. 2-2), (2) a change of address mailed on June 15, 2015 (Dkt. No. 12), and (3) a letter to the Clerk mailed on November 17, 2015 requesting a copy of the docket (Dkt. No. 77). Plaintiff has not prosecuted this action in any meaningful way since filing it, despite the fact that Plaintiff is, from prior experience, well aware of the consequences of failing to prosecute an action. *See, e.g., Goins v. Pacheco*, 4:14-4639-RMG (D.S.C. Jan. 8, 2016) (dismissed for failure to prosecute); *Goins v. S.C. Dep't Corrs.*, 4:12-1924-CMC (D.S.C. Sept. 20, 2012) (dismissed for failure to prosecute); *Goins v. SMU S.C. Dep't Corrs.*, 4:12-1593-CMC (D.S.C.

Aug. 8, 2012) (dismissed for failure to prosecute); *Goins v. S.C. Dep't Corrs.*, 2:11-1182-CMC (D.S.C. July 6, 2011) (dismissed for failure to prosecute); *Goins v. Olsen*, 4:10-487-CMC (D.S.C. Feb. 25, 2011) (dismissed for failure to prosecute); *Goins v. Voiselle*, 4:06-2516-CMC (D.S.C. Oct. 22, 2007) (dismissed for failure to prosecute); *see also, e.g.*, *Goins v. Palmetto Med. Ctr. at Park Ridge*, 4:14-4082-RMG (D.S.C. May 1, 2015) (summary dismissal without service of process); *Goins v. Hallman*, 4:14-742-RMG (D.S.C. June 3, 2014) (summary dismissal without service of process); *Goins v. Horne*, 4:13-1269-RMG (D.S.C. Aug. 29, 2014) (summary judgment for defendants); *Goins v. Pearson*, 4:12-3494-RMG (D.S.C. May 29, 2014) (summary judgment for defendants).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** pages one to three of the Report and Recommendation (Dkt. No. 106) as the Order of the Court and **DISMISSES WITH PREJUDICE** the Complaint (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 23, 2016
Charleston, South Carolina